### ZIPP v. BARKER et al.

(Supreme Court, Appellate Division, Second Department. June 23, 1896.)

CONTRACTS—BUILDING RESTRICTIONS—CHANGE IN USE OF PROPERTY.
    Where lots are conveyed subject to a covenant that no buildings shall be erected thereon within 15 feet of the street, such covenant is enforceable, though the street on which the lot abuts has changed from a residence street to a business street.

Appeal from special term, Kings county.

Action by Rosa Zipp, as sole surviving executrix, against Frances E. Barker and others, to enjoin defendants from maintaining any building on their premises within 15 feet of the street. The complaint alleged that a parcel of land formerly owned by Johannes De Bevoise, of which defendants' premises are a part, was partitioned by agreement between the heirs of said De Bevoise, and a deed of partition was executed by them, to which was annexed a map showing the several lots into which the property was divided, and that the deed contained the following covenant:

That "the said parties of these presents, for themselves, respectively, and their respective heirs, executors, and administrators, * * * do hereby mutually agree to and with each other, and to and with the heirs and assigns of each other, respectively, that no dwelling house, storehouse, or other building or structure of any kind or description whatsoever, excepting fences, shall at any time or times hereinafter be erected in any lot or ground, * * * as the same, respectively, are laid down and designated on the aforesaid map, within the several distances hereinafter specified from the lines or sides of said places and streets, respectively; that is to say, with regard to De Bevoise Place, within 15 feet."

From an order denying a motion for an injunction pendente lite, plaintiff appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

Charles J. Patterson, for appellant.
J. T. Marean, for respondents.

PER CURIAM. We are of opinion that, as the defendants' structure was erected before the application for an injunction, the defendants should not be compelled to remove it till after a trial of the action; but, that there may be no mistake as to our view of the merits of the action, we will state that in our judgment the fact that the street has altered from a residential street to a

business street is no ground for refusing to enforce the covenant. The effect of the covenant was practically to widen a 50-foot street into an 80-foot street. This may be as advantageous where the property fronting on the street is used for business purposes as where it is used for residences. Whether this be so or not, the parties covenanted for an 80-foot street, and persons claiming under that covenant are entitled to its benefits, unless a common course of action by the parties in interest shows that they have abandoned the maintenance of its conditions. This question should be left to the trial of the action, and not determined on affidavits.

The order appealed from should be affirmed, with $10 costs and disbursements, to abide the event of the action.